```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA     )
                             )
v.                           )     Criminal No. 08-10071RGS
                             )
                             )
BRIMA WURIE                  )
```

## GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The government hereby respectfully submits this supplemental sentencing memorandum (1) in light of the Fair Sentencing Act of 2010, and (2) in support of the defendant's classification as an Armed Career Criminal ("ACC") and a Career Offender ("CO").[1]

### A. Fair Sentencing Act

The defendant was convicted of violating 21 U.S.C. 841(b)(1)(B) (Count 2) and 841(b)(1)(A) (Count 3) on February 25, 2010. At that time, Count 2 carried a 5 year mandatory minimum sentence up to 40 years, and Count 3 carried a 10 year mandatory minimum sentence up to life. Currently, Count 2 carries a sentence of up to 20 years,

---

[1] The government files this supplemental memorandum prior to the defendant filing any sentencing memorandum.  The government reserves the right to further respond to any sentencing memorandum and to request a continuance if necessary to appropriately address the arguments the defendant raises.

1

and Count 3 carries a mandatory minimum of 5 years up to 40 years.  PSR ¶ 126.  This necessarily alters the defendant's offense levels under the various calculations set forth in the government's sentencing memorandum at pages 2-3.  PSR ¶¶ 50, 54   Now, rather than having an offense level/criminal history of 37/VI as an armed career criminal and career offender, the defendant has an offense level/criminal history of 34/VI.  Even so, the government's sentencing recommendation of 262 months falls within the Sentencing Guidelines' range.

### B. Predicate Offenses

The defendant has been convicted of six crimes of violence which qualify him as an ACC and CO:  assault and battery with a dangerous weapon ("ABDW") (knife) ¶ 58; assault by dangerous weapon (machete) ¶59;  larceny from a person ¶ 62; assault and battery on a police officer ("ABPO") and resisting arrest ¶ 63; ABDW (motor vehicle) ¶ 64.

The defendant's contention that these offenses do not qualify as crimes of violence or violent felonies is unsupported by the firmly established law in this Circuit.

### 1. Assault and Battery on a Police Officer and Resisting Arrest

In the First Circuit, convictions for ABPO and resisting arrest are a crimes of violence under the residual clause of U.S.S.G. §4B1.2.

The First Circuit's rationale for holding ABPO to be a categorical crime of violence under the residual clause was based on the fact that the statute requires that the assault and battery be committed on a police officer. United States v. Fernandez, 121 F.3d 777, 780 (1st Cir. 1997). The Fernandez court noted that ABPO "requires purposeful and unwelcome contact with a person the defendant knows to be a law enforcement officer actually engaged in the performance of official duties." Id. The court went on to explain that, because of this requirement, "violence, the use of force, and a serious risk of physical harm are all likely to accompany an assault and battery upon a police officer." Id. In reaching this result, the court emphasized that:

> [T]he conduct proscribed by the statute nearly always involves the intentional striking of a police officer while in the performance of official duty. This nearly always poses a serious risk of actual or potential physical force and the likelihood of physical injury -- to the police officer initially, and to the perpetrator (and even the public) subsequently, when the officer reacts or attempts to subdue the offender. That law enforcement officers usually

3

>carry weapons when on duty only heightens the serious risk of injury associated with such an assault.

Id.

The First Circuit recently reaffirmed this holding in United States v. Dancy.  2011 U.S. App. LEXIS 7556, at *37-41 (1st Cir. April 13, 2011).  The Court found that the "Massachusetts crime of ABPO qualifies under the residual clause of the ACCA."  Id. at *41.

Moreover, in United States v. Almenas, 553 F.3d 27, 34 (1st Cir. 2009) the Court held that resisting arrest qualifies as a crime of violence in part because "resisting arrest necessarily involves resisting the authority of a police officer, an official charged with defending the public... "

The defendant asks this Court to look past the rulings in Dancy and Almenas, claiming that an analysis of these statutes under Johnson v. United States, ___U.S.___ (130 S.Ct. 1265 (2010) and Begay v. United States, 553 U.S. 13, 26 (2008) leads to a different result.  It does not.

Johnson is inapplicable because it did not address the residual clause under the ACCA.  Begay does not alter the analysis; as made clear in Almenas, a conviction for resisting arrest qualifies under the Career Offender sentencing guideline because, among other things, Begay's

4

purposefulness requirement is met, as the offender must act knowingly to prevent officer from effecting arrest.

Other decision following Begay v. United States, 553 U.S. 137 (2008) have also held that similar state offenses remain a categorical crime of violence.  See United States v. Williams, 559 F.3d 1143, 1148-49 (10th Cir. 2009) (held, Oklahoma statute criminalizing battery of a police officer is a crime of violence post-Begay; court noted that "battery of an armed on-duty police officer is a powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but which always has the serious potential to do so"); United States v. Hampton, 2010 WL 744393, at *14-17 (C.D. Ill. Feb. 25, 2010) (offense of battery of a peace officer is a violent crime under residual clause).

Thus, unless and until the First Circuit decides to revisit Fernandez, Almenas, and the cases that have followed them, those authorities remain binding precedent that this Court must apply to ABPO and resisting arrest convictions on a categorical basis.

### 2. **Larceny from the Person**

Lastly, the defendant has achieved the CO and ACC status in part due to his conviction for larceny from the

5

person, ¶ 62.  The Court in United States v. DeJesus, 984 F.2d 21, 24 (1993), specifically found that this is a crime of violence as defined in the residual clause.  While the defendant argues that this is no longer a crime of violence following the Begay decision, this is not so.  Larceny from the person is "roughly similar, in kind as well as in degree of risk posed" to the offenses enumerated in 18 U.S.C. § 924(e)(2)(B)(ii), such as robbery and burglary from dwelling.  Begay, 553 U.S. at 143.

### 3. Assault with a Dangerous Weapon

The First Circuit quite clearly categorized assault with a dangerous weapon as a crime of violence for ACC purposes.  "Under Massachusetts law, assault by means of a dangerous weapon is a general intent crime and requires either intentional and unjustified use of force upon another person or the 'intentional commission of a wanton or reckless act . . . causing physical or bodily injury to another.' Commonwealth v. Ford, 424 Mass. 709, 711 (1997) (quotation omitted). Because the state, under either of these two theories, had to show that Am acted intentionally, his conviction for assault by means of a dangerous weapon thus constituted a "crime of violence" for purposes of career offender status." United States v. Am,

6

564 F.3d 25, 33-34 (2009).  Thus, the defendant's conviction, as described in ¶ 59, should be considered for ACC purposes.[2]

### 4. Assault and Battery with a Dangerous Weapon

The defendant has two prior convictions for ABDW, ¶ 58 (knife), ¶ 64 (motor vehicle).  Without question, these convictions qualify as crimes of violence. United States v. Glover, 558 F.3d 71 (1st Cir. 2009).

In Glover, the First Circuit held that the Massachusetts crime of ABDW qualifies as a "crime of violence" for career offender purposes under the residual clause, because "[i]t is a purposeful offense * * * that involves conduct at least as aggressive and violent as the conduct at issue encompassed by the enumerated crimes." Id. at 20.

In particular, the ABDW conviction set forth in ¶ 64 of the PSR, and the government's Sentencing Memorandum at pages 10-15, arose from the defendant using his car to strike a police officer, and then fleeing the area.  He was convicted both of ABDW and leaving the scene of a motor

---

[2] The government recognizes that for Guidelines purposes this conviction may be considered as arising out of a single case described at ¶58; however, for statutory purposes this conviction is considered separately as it applies to the defendant's classification as an ACC and CO.

7

vehicle accident with personal injury.  Not only does the ABDW qualify as a violent offense, the latter offense also qualifies as a violent felony according to Sykes v. United States, No. 09-11311, 2011 WL 2224437 (June 9, 2011).  In that case, the Supreme Court held that intentional vehicular flight is a "violent felony" under the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. 924(e)(2)(B)(ii), because, categorically, vehicular flight "presents a serious potential risk of physical injury to another."  Sykes, 2011 WL 2224437, at *6.  The Court rejected the argument that Begay v. United States, 553 U.S. 137 (2008), and Chambers v. United States, 555 U.S. 122 (2009), "require ACCA predicates to be purposeful, violent, and aggressive in ways that vehicle flight is not."  Id. at *8.  The Court held that, "[i]n general, levels of risk divide crimes that qualify from those that do not."  Id. The Court distinguished Begay as "involv[ing] a crime akin to strict liability, negligence, and recklessness crimes." Id. at *9.  Outside of that context, "[i]n many cases the purposeful, violent, and aggressive inquiry will be redundant with the inquiry into risk."  Id. at *9.

As in Sykes, committing the crime of leaving the scene of a motor vehicle accident with personal injury involved knowing or intentional conduct, and thus an inquiry into

8

"risk levels provide[s] a categorical and manageable standard that suffices to resolve the case before [the court]."  2011 WL 2224437, at *9.  It satisfies the risk-of-injury requirement of Sykes.  The offense of leaving the scene of a motor vehicle accident with personal injury is therefore a "violent felony" under the ACCA's residual clause, without any need to conduct a redundant inquiry into whether the offense is also purposeful, violent, and aggressive.

The defendant relies upon United States v. Holloway, 630 F.3d 252 (2011) to argue that the defendant's two convictions for ABDW do not qualify as crimes of violence or violent felonies.  The Court's holding in Holloway does not undermine the government's position because it was dealing only with the crime of simple assault and battery and thus is inapposite.

**CONCLUSION**

The government respectfully requests that the Court impose a sentence of 262 months and that it find that the convictions for the felonies listed in the PSR at ¶¶ 58, 59 62, 63, 64 qualify as predicate offenses for ACC and CO purposes.

9

```
                              Respectfully submitted,

                              CARMEN M. ORTIZ
                              UNITED STATES ATTORNEY


                         By:   /s/ Gretchen Lundgren
                              GRETCHEN LUNDGREN
                              Special Assistant U.S.
                              Attorney
                              JOHN A. WORTMANN, JR.
                              Assistant U.S. Attorney
                              One Courthouse Way
                              Boston, MA
                              (617) 748-3207
```

Dated:  June 27, 2011

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

```
                              /s/ Gretchen Lundgren
                              Gretchen Lundgren
                              Special Asst. U.S. Attorney
```