UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No.: 08-10071-RGS |
| v. ) | |
| ) | |
| BRIMA WURIE, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S REPLY TO THE DEFENDANT'S REPONSE TO THE GOVERNMENT'S MOTION FOR DETENTION**

The United States of America, by and through its counsel of record, the United States Attorney for the District of Massachusetts and Assistant United States Attorney John T. Dawley, Jr., hereby opposes the Defendant's, Brima Wurie, (hereinafter the "Defendant" or "Wurie") request for release from detention on his pending supervised release violations (DE 161). The government has consulted with, and is joined by, the United States Probation Office ("USPO") in support of the government's request for detention.

**GROUNDS OF DETENTION**

The defendant had an initial appearance on his supervised release violations on September 6, 2023 (DE 159). At that time, the defendant requested a detention hearing, which was held on September 8, 2023. (DE 161). The parties agreed to proceed by proffer and submitted exhibits for the Court's consideration. As the evidence at the hearing demonstrated, the defendant presents an overwhelming danger to the community and risk of flight that requires his continued detention, pending a final revocation hearing. Indeed, this defendant was arrested for strangling his 15 year old daughter; had charges sought against him after grabbing a waitress and subsequently making threats at a Dorchester restaurant to return and "shoot the place up;" and was indicted and then convicted by a Jury in the Suffolk County Superior Court for pistol-

whipping an individual with a firearm, after which he fled the scene; all within a 6-month time period. *Id.*

## EVIDENCE SUBMITTED AT THE DETENTION HEARING

The USPO Petition and Affidavit for a Warrant for Offender Under Supervision (the "USPO Petition") describes the conduct that gives rise to the pending supervised release violation. In addition to the USPO Petition, the government submitted a series of exhibits in support of its request for detention. They included the following Exhibits:

1. Boston Police Department ("BPD") Report for 4/7/22 investigation into charges of strangulation or suffocation, reckless endangerment of a child, and witness intimidation;

2. BPD Report for 11/5/22 investigation into charges of assault, threatening to commit a crime and disorderly conduct;

3. Suffolk Superior Court – Docket 2384CR00127;

    i. BPD Report for 11/25/22 investigation into charges of unlicensed possession of a firearm, robbery of a firearm, and assault and battery with a dangerous weapon;

    ii. BPD Screenshots of the defendant, during the altercation and while holding the firearm;

    iii. BPD Images of the victim's bleeding head and the ejected firearm magazine;

    iv. Surveillance Video footage of the altercation on 11/25/22;

    v. Grand Jury Minutes (submitted under seal), which resulted in the defendant's indictment for unlicensed possession of a firearm, robbery of a firearm, and assault and battery with a dangerous weapon;

    vi. Grand Jury Exhibits List (submitted under seal);

    vii. Jail Call Recording – where the defendant says that if they can get someone to return the gun, it won't be stolen anymore, and the charge would have to be dropped;

      viii.   Jail Call Recording – where the defendant admits his involvement and says that his brother ambushed the victim;

      ix.   Suffolk Superior Court, No. 2384CR00127 – District Attorney's Office Motion and Memorandum in Support of Detention;

      x.   Suffolk Superior Court, No. 2384CR00127 - Court's Order for Detention;

      xi.   Suffolk Superior Court, No. 2384CR00127 – Court Docket; and

4. Defendant's Criminal History (submitted under seal).

### *April 7, 2022 Incident*

Exhibit 1 is the police report pertaining to an April 7, 2022 incident in Boston, MA. During this incident, the defendant is alleged to have argued with his 15-year-old daughter about school, grabbed her by the throat and choked her, and punched her in the mouth with a closed fist. Officers observed the victim in this case to have a bloody and swollen upper lip, and a small scratch on the right side of her cheek. When the victim attempted to call 911 through her Amazon Alexa device, the defendant is alleged to have disconnected the device before the call went through. The victim was able to flee to a Dunkin Donuts and lock herself in a bathroom. When BPD officers arrived on the scene, the defendant had left the residence and the victim's mother was uncooperative, refusing to provide information about the incident and refusing to give officers any information about the defendant.

The government submitted Exhibit 1 during the defendant's detention hearing, and provided to the Court that the matter was dismissed in state court after the victim would not testify in the case. The government further provided that the victim's mother continued to be uncooperative throughout the entirety on the case, including numerous instances when she would not let representatives from the district attorney's office speak with the victim about the pending case.

*November 5, 2022 Incident*

Exhibit 2 is a police report pertaining to a November 5, 2022 incident in Boston, MA, where the defendant grabbed a waitress on her thigh at a Dorchester restaurant and after the defendant was asked to leave, he responded by shouting and causing a scene. He threatened to come back to the restaurant and "shoot the place up" and that he "reps Creston Street," a known criminal gang within the City of Boston. During this incident, which was largely captured on surveillance video, the defendant is observed repeatedly yelling and slamming his fists on a bar counter area. Restaurant employees reported that the defendant, accompanied by his brother, both appeared to be intoxicated and became upset when they were told to leave the restaurant.

The government submitted Exhibit 2 during the defendant's detention hearing, and provided to the Court that the matter was put to a "show cause hearing" in state court and due to the defendant being subsequently detained on an unrelated matter and unable to attend the hearing, BPD detectives used their discretion to withdraw the criminal complaint in this case. The government further provided the Court that several factors about this incident held significance, including the defendant's intoxication, presence of his brother, and involving references to a firearm, all of which would be central factors in the defendant's arrest 3 weeks later at a liquor store in Boston.

*November 25, 2022 Incident*

Exhibit 3.1 through 3.11 are documents pertaining to a November 25, 2022 incident in Boston, MA, where the defendant was indicted and subsequently conviction for conduct involving assaulting a stranger, taking his gun from him, and striking him over the head with it. He did this in a public place, while drinking, and while his brother was assaulting the same man. The defendant then fled with that firearm and never turned it in or reported the incident to police.

4

dismissed in state court after the victim would not testify in the case. The government further provided that the victim's mother continued to be uncooperative throughout the entirety on the case, including numerous instances when she would not let representatives from the district attorney's office speak with the victim about the pending case.

　　　The government submitted Exhibits 3.1 through 3.11 during the defendant's detention hearing, and provided the Court that on September 5, 2023, the day before the defendant's initial appearance, he had been convicted of assault and battery with a dangerous weapon, a felony in the Commonwealth of Massachusetts. The evidence provided in that case included that on the evening of November 25, 2022, the Defendant and his brother, co-defendant Brandon Wurie, were drinking and spending time in and around a liquor store on Bowdoin Street in Dorchester. Around 7:30 PM, the defendants began a conversation with a couple that was attempting to purchase a bottle of wine. Surveillance video shows that Brandon Wurie stepped in front of the male victim and physically prevented him from moving forward. As Brandon Wurie and the male began to exchange words, the defendant surrounded the victim and boxed him in, starting a physical altercation by bumping the victim. A struggle ensued and the defendant was able to take the victim's licensed firearm from his holster, although the magazine was ejected during the struggle. As the victim attempted to retreat from the men, Brandon Wurie grabbed him from behind and threw him to the floor. As the two men were on the floor, the defendant struck the victim in the head twice with the firearm. The defendant then exited the store with the gun visibly in his hand. Once Brandon Wurie and the victim stood back up, Brandon Wurie pushed the victim before fleeing the store himself. The gun was never recovered.

*The Defendant's Criminal History*

Exhibit 4 is the defendant's criminal history, provided to the Court under seal. The government submitted Exhibit 4 during the defendant's detention hearing, and provided to the Court that this latest conviction for assault and battery with a dangerous weapon was the third such time that the defendant had been convicted of this felony offense in Massachusetts.  The defendant's criminal history also shows that the defendant was convicted in five different violent offenses from late 1996 to 2000. One of those cases involves the defendant stabbing another person in the head. In 2002, he was indicted and convicted of assault and battery with a dangerous weapon, negligent operation, leaving the scene of personal injury, and accessory after the fact. In that case, the defendant was driving a car that struck an officer while fleeing from police. Police shot at the car, and a passenger in the car was killed. He was sentenced to three years to three years and one day in state prison.  The defendant's criminal history also shows federal indictments in 2003 for Hobbs Act Robbery and the use of a firearm during a crime of violence, as well as the instant offense that gives rise to this supervised release matter, a 2008 federal indictment for firearm-related and drug distribution offenses.

**ARGUMENT**

During a supervised release detention hearing, the magistrate judge may detain a defendant under 18 U.S.C. §3143(a)(1) pending further proceedings.  The defendant bears the burden of establishing by clear and convincing evidence that he is not a flight risk and that he does not pose a danger to the community, *see* Fed.R.Crime.P. 32.1(a)(6), 18 U.S.C. §3143.

In considering the government's request to detain the defendant, the Court must determine whether the defendant has proven by clear and convincing evidence that conditions will reasonably assure "the safety of any other person and the community." The defendant here has not shown any

6

reason, let alone enough to overcome the rebuttable presumption that the defendant in this matter is a risk of flight and the danger to the community that the defendant poses; there are no conditions of the defendant's release that would ensure the safety of the public.

The Defendant's conduct on supervised release, his criminal history, and his chronic disregard for the law exemplify his danger to the community. His criminal history now includes three prior convictions for assault and battery with a dangerous weapon and significant sentences of incarceration in both state prison and subsequently in federal prison. Additionally, the defendant was out on supervised release and was charged with committing three separate offenses within a period of less than 6 months. These offenses, including violence and the threat of violence, are suggestive of the type of person the Defendant is and warrants his detention pending trial.

The defendant contends that his family ties to the community nullify any belief that he is a flight risk. However, his past criminal history and record concerning his conduct when confronted with the police weigh heavily against him. The defendant has a lengthy criminal history and fled the scene of two crimes that occurred while he was on supervised release. Moreover, he has previously violated court-imposed state probation when given the chance, which has resulted in numerous further committed sentences as a result of his past violations. The Defendant has multiple violations of probation on his record, where he has failed to comply with the orders of the Court, which further shows a disregard for the legal system, and calls into question his willingness to abide by conditions of release.

## **CONCLUSION**

Based on the foregoing, the United States of America requests that the Court deny the defendant's request for release and order that the defendant be detained pending a final revocation hearing.

Respectfully submitted,

JOSHUA S. LEVY
United States Attorney

By:  /s/ John T. Dawley, Jr.
     John T. Dawley, Jr.
     Assistant United States Attorney

Date: September 13, 2023

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date: September 13, 2023

/s/ John T. Dawley, Jr.
John T. Dawley, Jr.
Assistant United States Attorney